**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION**

| | |
|---|---|
| In re: :<br>    HANNAH WOLDEYOHANNES., :<br>    *Debtor* :<br>    :<br>BONNIE C. MANGAN :<br>    *Discharged, Former Trustee* :<br>    : | Case No.: 18-21369 (AMN)<br>Chapter 7<br><br><br><br><br>ECF Nos. 152, 170 |

## AMENDED MEMORANDUM OF DECISION AND
## ORDER DENYING MOVANT'S MOTION TO REOPEN[1]

Before the court is a motion pursuant to 11 U.S.C. § 350(b)[2] and Bankruptcy Rule 5010 filed by an alleged "party in interest", AWET, LLC (the "Movant"), seeking to reopen this closed bankruptcy case. If the case is reopened, the Movant intends to proceed on a motion it already filed pursuant to Fed.R.Civ.P. 60(a), made applicable here through Fed.R.Bankr.P. 9024, and to request relief from a final order that entered more than one year ago.[3] ECF Nos. 152, 153. In response, a creditor and a purchaser in the context of the order the Movant seeks to modify – Alyssa S. Peterson – objected, claiming among other things that the Movant lacks standing and fails to show cause to reopen the case. ECF No. 170.

---

[1]     Non-substantive amendments were made to correct typographical errors.
[2]     Title 11, United States Code, is the "Bankruptcy Code." Statutory references are to the Bankruptcy Code unless otherwise noted.
[3]     *See* D.Conn.Bankr.L.R. 5010-1(b)("Any substantive motion filed with the Motion to Reopen may not be acted upon unless and until the Motion to Reopen is granted. If the substantive motion is a Contested Matter in accordance with Local Rule 9014-1, the substantive motion shall not be acted on, and a Notice of Contested Matter Bar Date shall not be served, unless and until the Motion to Reopen is granted."); *see also In re Levy*, 2018 WL 1579888, at *2 (Bankr. D. Conn. Mar. 29, 2018) (holding that the reopening, by itself, has no independent legal significance and determines nothing with respect to the merits of any requested order). Here, the court cannot act on Movant's substantive motion unless and until the Motion to Reopen is granted.

1

## Nature of Proceedings

On August 20, 2018, creditors commenced an involuntary Chapter 7 bankruptcy case against the debtor Hannah Woldeyohannes (the "Debtor").  ECF No. 1.  Sometime after, on February 23, 2021, Bonnie C. Mangan in her role at that time as the Chapter 7 Trustee (the "Trustee") filed a motion for authority to sell (the "Sale Motion") certain property to Ms. Peterson.  The property to be sold was described in the Sale Motion as follows:

> The bankruptcy estate's right, title and interest, if any, in and to the Debtor's, (Hannah Woldeyohannes') ownership interest as of the petition date in A to Zee, LLC, and any and all equitable rights held by the Debtor, Hannah Woldeyohannes, in certain real property located at 230-232 Farmington Avenue, Hartford, Connecticut known as the Laurelhart Condominiums Unit Number B-2, E-3, D-6 and E-7, and any claims that may emanate from said alleged interest.
> ECF No. 122.

A proposed order filed with the Sale Motion and a Trustee's Notice of Intended Private Sale of Property and Solicitation of Counteroffers filed the following day both included the following description of the property to be sold:

> The bankruptcy estate's right, title and interest, if any, in and to the Debtor, Hannah Woldeyohannes' (Debtor's) recorded ownership interest at the time of the bankruptcy filing in A to Zee, LLC, a Connecticut Limited Liability Company, registered with the Secretary of State, and any and all equitable rights held by the Debtor, Hannah Woldeyohannes and A to Zee, LLC, in certain real property located at 230-232 Farmington Avenue, Hartford, Connecticut known as the Laurelhart Condominiums Unit Number B-2, E-3, D-6 and E-7 and any claims associated with the Debtor, A to Zee, LLC or any claims emanating therefrom said interest.
> ECF Nos. 122-1, 125.

On March 25, 2021, the court entered an order (the "Sale Order") approving the Trustee's sale of the property as described in the proposed order and in the Trustee's Notice of Intended Private Sale of Property and Solicitation of Counteroffers.

2

Subsequently, on April 13, 2021, the Trustee executed a "Quit Claim Bill of Sale and Assignment" containing substantially the same asset description and it was recorded in the Hartford, Connecticut Land Records at Volume 7748, Page 266, on April 30, 2021. ECF No. 153, p. 4-5. Thereafter, on May 11, 2021, the Trustee filed her report of sale, and, on September 9, 2021, the Clerk closed the bankruptcy case. ECF Nos. 141, 150.

According to the Movant, AWET, LLC became the assignee of record of a mortgage recorded against 230-232 Farmington Avenue, Hartford, Connecticut known as the Laurelhart Condominiums Unit Number B-2, E-3, D-6, and E-7, on December 3, 2021, more than three (3) months after the bankruptcy case closed and almost nine (9) months after the entry of the Sale Order.

On July 6, 2021, more than fifteen (15) months after the entry of the Sale Order, AWET, LLC filed the pending motion to reopen this closed case.

### **Reopening a Closed Bankruptcy Case**

Under § 350(b), a court may reopen a case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); *see also,* Fed.R.Bankr.P. 5010 ("A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Bankruptcy Code."). Here, AWET, LLC is not the debtor and, therefore, must be a "party in interest," to have standing to file the motion to reopen this closed Chapter 7 case.

### **"Party in Interest"—Standing**

While the Second Circuit has yet to define the term "party in interest" as it applies to Rule 5010 specifically, a Northern District of New York case and other circuits' decisions are instructive. See *In re Riley*, 2017 WL 4334033, at *4 (Bankr. N. D. N.Y.

Sep. 28, 2017) (holding that because the movant is not the debtor, a creditor, or a trustee, and never participated in the underlying bankruptcy, it lacked standing as a "party in interest" pursuant to Rule 5010 to bring this motion to reopen.); *Alexandria Consulting Group, LLC v. Alexandria Surveys Int'l LLC*, 589 Fed.Appx. 126 (4th Cir. 2014) (holding that because the movant was not "the debtor, the trustee, or a creditor" of the debtor, or "a participant in the original case," it lacked standing to reopen under Rule 5010 as a party in interest); *Goldenberg v. Deutsche Bank Nat'l Trust Co. (In re Papazov)*, 610 Fed.Appx. 700 (9th Cir. 2015) (holding that the enumerated list of "party in interest" in § 1109(b) may guide a court in determining the scope of potential movants under Rule 5010 in a chapter 7 bankruptcy, and in determining whether the movant lacked a sufficient stake in the debtor's bankruptcy case); *Nintendo Co. v. Patten (In re Alpex Computer Corp.)*, 71 F.3d 353 (10th Cir. 1995) (holding that "party in interest" is "confined to debtors, creditors, or trustees, each with a particular and direct stake in reopening cognizable under the Bankruptcy Code.").

### **Burden of Proof on Motion to Reopen**

The permissive language of Bankruptcy Code § 350(b) provides the court with broad discretion to determine whether a movant has demonstrated "good cause" to reopen a case. *In re Velez,* 604 B.R. 438, 443 (Bankr. S.D.N.Y. 2019); *In re Arana,* 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011), *appeal dismissed,* 2012 WL 3307357, 2012 U.S. Dist. LEXIS 113133 (E.D.N.Y. Aug. 12, 2012). In deciding whether cause exists, the court may consider equitable considerations and the facts surrounding the case. *In re Plusfunds Group, Inc.,* 589 F. App'x 41, 42 (2d Cir. 2015) (noting a decision to reopen a case "invoke[s] the exercise of a bankruptcy court's equitable powers, which is dependent

upon the facts and circumstances of each case.*") (summary order). The bankruptcy court should only reopen a case when "relief may ultimately be afforded to a party," not when it would be "futile or a waste of judicial resources." *In re Galloway-O'Connor*, 539 B.R. 404, 407 (Bankr. E.D.N.Y. 2015) (*quoting In re Mohammed*, 536 B.R. 351, 355 (Bankr. E.D.N.Y. 2015)).

## Motion For Relief from Judgment Pursuant to F.R.C.P. 60(a)

Federal Rule of Civil Procedure 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission." Fed. R. Civ. P. 60(a). A "motion under Rule 60(a) is available only to correct a judgment 'for the purpose of reflecting accurately a decision that the court actually made.'" *Kumaran v. National Futures Association, LLC*, 2022 WL 428263, *1 (S.D.N.Y. Feb. 10, 2022) (quoting *Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001). The "purpose of Rule 60(a) is to afford courts a means of modifying their [orders] in order to ensure that the record reflects the actual intentions of the court." *Kamdem-Ouaffo v. Balchem Corporation*, 2022 WL 1000285, *2 (S.D.N.Y. Apr. 4, 2022) (citing *Ferguson v. Lion Holding, Inc.,* No. 02-CV-04258, 2007 WL 2265579, at *7 (S.D.N.Y. Aug. 6, 2007). To be correctable under Rule 60(a), the alleged error in an order must fail to reflect the actual intention of the court. *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994).

## Discussion

Because the Movant is not the debtor, a creditor, nor a trustee, and never participated in the closed bankruptcy case, it lacks standing as a "party in interest" pursuant to Rule 5010 to bring the motion to reopen. *In re Riley*, 2017 WL 4334033, at *4-5. AWET, LLC did not participate in the closed bankruptcy case, was not listed as a

creditor or party in interest in the case when it was open, and, appears not to have held a pre-petition claim against the Debtor.  The Movant likewise does not qualify as a "party in interest" under the expanded list of parties articulated in § 1109(b), which guided the Ninth Circuit's interpretation in a chapter 7 case.  11 U.S.C. § 1109(b) ("A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.").  Under these facts, the court finds that the Movant is not a "party in interest" for purposes of the motion to reopen under § 350(b).

## No Bankruptcy Purpose Would be Served by Reopening the Case

Even if the Movant had standing to bring the motion to reopen, it failed to demonstrate the causal element of § 350(b).  The court can only reopen this closed case "to administer assets, to accord relief to the debtor, or for other cause."  Here, the assets have all been administered and there is no relief for the Debtor proposed.  The Movant failed to demonstrate sufficient cause to reopen this closed case because the Movant would not succeed on its Rule 60(a) motion.[4]

According to the Movant, the Sale Order contains a clerical mistake, although the description of the mistake is somewhat unclear.  Generally speaking, the Movant challenges notice to its predecessor – a holder of a mortgage interest against real property during the bankruptcy case.  However, the prior mortgage holder would be the proper party to have raised this issue and has not done so.  The Movant appears to have taken an assignment of a mortgage and then discovered the existence of the Debtor's

---

[4] The court notes relief was sought only under Rule 60(a), and not Rule 60(b).  Had relief under Rule 60(b) been sought, it also would have been denied as futile and unsupported by the record.

bankruptcy case and the Sale Order, to its dissatisfaction.  This is not a basis for the bankruptcy court to revisit the Debtor's Chapter 7 case.

Neither the Trustee nor the Debtor engaged in a transaction resulting in the assignment of the mortgage to the Movant.  The Sale Motion, the Trustee's Notice of Intended Private Sale of Property and Solicitation of Counteroffers, the Sale Order, and the Trustee's recording of the Quit Claim Bill of Sale, and Assignment on the Hartford Connecticut Land Records are all consistent in conveying what was sold by the bankruptcy estate to Ms. Peterson.  If there is a dispute to be resolved, it must be resolved by a tribunal in which the Movant has standing, and the Movant has no standing here.

The true basis for Movant's Rule 60(a) motion appears to be its displeasure and perhaps lack of diligence prior to obtaining the purported assignment, which is not a proper basis for relief under the rule.  The terms and conditions of the court's Sale Order, the Trustee's Quit Claim Bill of Sale, and Assignment were in the public record at the time the Movant obtained the purported assignment and when it recorded the assignment on the land records.  Since the court finds no clerical errors or mistakes in its Sale Order, Rule 60(a) provides no basis for relief.

Accordingly, it is hereby

**ORDERED**: The motion to reopen, ECF No. 152, is denied.

Dated this 3rd day of August, 2022, at New Haven, Connecticut.

*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut